UNITED STATES, USE OF LANHAM AND BROTHERS *vs.* JOHN JACOBY, JOSEPH L. CARPENTER, JUNIOR, AND JOHN P. ALLMOND.

*Suit on Bond—Pleading—Declaration ; Particularity of—Assignment of Breaches—Labor and Materials Supplied—Demurrer.*

Narr filed in an action on a bond providing for the construction of certain sewers, and payment for the labor and materials supplied in the prosecution of the work; *held* on demurrer not to assign the breaches with sufficient particularity.

(*December 10, 1903.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*T. Bayard Heisel* and *Alexander B. Cooper* for plaintiffs.

*J. Harvey Whiteman* for defendant.

Superior Court, New Castle County, November Term, 1903.

This was a suit on a bond guaranteeing the construction of certain sewers in the city of Washington, D. C., and payment for the labor and material supplied in the prosecution of the work (No. 43, Nov. Term, 1901).

The principal in the bond having died, suit was brought against the surviving sureties. The following narr was filed in said case.

" NEW CASTLE COUNTY, SS:

"The United States of America who sues for the use of James C. Lanham and Culbreith B. Lanham, parties doing business under the firm name of Lanham and Brother under an Act of Congress in such case made and provided, the plaintiffs in this suit, complain of Joseph L. Carpenter, Jr., and John P. Allmond who were sued with John Jacoby, since deceased, and all being duly summoned of a plea that they render to the said United States of America, for

the use of the said Lanham and Brother the sum of One Hundred and Seventy Thousand Dollars, lawful money of said United States of America, which they owe to and have unjustly detained from the said United States of America to and for the use as aforesaid of the said Lanham and Brother.

"FOR THAT WHEREAS, The said Joseph L. Carpenter, Jr. and John P. Allmond, as sureties, together with John Jacoby, as principal, heretofore to wit, on the thirteenth day of October, A. D. one thousand eight hundred and ninety-nine, at New Castle County, by their certain writing obligatory, sealed with their seals, and now shown to the Court here, the date whereof is a certain day and year above named, to wit, the day and year aforesaid, acknowledged themselves to be held and firmly bound unto the said United States of America, in the sum of One Hundred and Seventy Thousand Dollars above demanded to be paid to the said United States of America : And the said United States of America suing in behalf and for the use of the said Lanham and Brother according to the form and effect of the Act of Congress in such case made and provided, say that the said writing obligatory was made with a condition therein written, as follows, to wit :

" 'WHEREAS, The above bounden John Jacoby, by an instrument under his hand and seal bearing even date with these presents, has contracted with the District of Columbia to furnish all necessary labor and materials, except as herein otherwise provided, and in a good, firm and substantial manner, in strict accordance with the terms, conditions and provisions of the foregoing contract, execute the work of constructing and keeping in repair, the sewers and accessories named and described as sewers "A" and "B" in paragraph one (1) of the specifications, as more fully set forth in the foregoing contract, and on the conditions and for the considerations in the foregoing contract mentioned and contained or referred to therein :

"'Now THEREFORE, the conditions of the foregoing obligation are such that if the said John Jacoby shall strictly and faithfully

NARR.

perform to the satisfaction and acceptance of the Commissioners of the District of Columbia, the work to be done by him in accordance with the stipulations and shall save harmless from and indemnify the District of Columbia for any and all claims, suits, costs, charges, counsel fees and judgments for damages, to which said District may be subjected on account of any accident to persons, property or premises, after the commencement of the work, and prior to the completion and acceptance, and pay the same and will promptly make payments to all persons supplying him with labor and materials in the prosecution of the work provided for in said contract, and will in every respect fully comply with the provisions and requirements of said contract, and keep the work done by him under his said contract in repair for the term of five years from the completion of said contract, then this obligation to be void ; otherwise to remain of full force and virtue.'

"And the plaintiffs further say that for assigning a breach of the said condition of the said writing obligatory according to the law in such case made and provided, the plaintiffs suggest and give the Court here to understand and be informed that after the making of said writing obligatory, to wit, on the thirteenth day of October, A. D. 1899, the said John Jacoby did not promptly make payment to all persons supplying him with labor and materials in the prosecution of the work provided for in said contract recited in the said writing obligatory ;  And for assigning a further breach of the said condition of the said writing obligatory, according to the law in said case made and provided, the said plaintiffs suggest and give the Court here to understand and be informed that after the making of the said writing obligatory, to wit, on the day of                          A. D. 1889, and at divers days and times between that date and the day of the  bringing of this suit, the said Lanham and Brother did supply the said John Jacoby with a large amount of labor and materials in the prosecution of the work provided for in the said contract so recited in said writing obligatory, to wit, of the value of Ten Thousand Dollars,

which sum became and was due and owing from the said John Jacoby to the said Lanham and Brother and still is in arrear and unpaid contrary to the form and effect of the said condition of the said writing obligatory.

"And for assigning a further breach of the said condition of the said writing obligatory according to the Act of Congress in such case made and provided, the said plaintiffs suggest and give the Court here to understand and be informed that after the making of said writing obligatory, to wit, on the thirteenth day of October, A. D. 1899, nor at any time since that time did the said John Jacoby promptly make payments to all persons supplying him with labor and material in the prosecution of the work provided for in said contract, in this that he has not made payment to the said Lanham and Brother of the sum of Ten Thousand Dollars for labor and material supplied him in the prosecution of the work provided for in said contract recited in said writing obligatory nor any part thereof but the same remains due in arrears and unpaid.

"And for assigning a further breach of said condition in said writing obligatory according to the Act of Congress in said case made and provided, the said plaintiffs suggest and give the Court here to understand and be informed that after the making of said writing obligatory, to wit, on the thirteenth day of October, A. D. 1899, and on divers times between that date and the day of the bringing of this suit, the said John Jacoby under and in pursuance of the contract he had entered into with the District of Columbia, to wit, the contract recited in the said writing obligatory, was engaged in executing the work of constructing and keeping in repair the sewers and accessories therein named and described as sewers 'A' and 'B' and while being thus engaged the said Lanham and Brother did supply him with labor and materials in the prosecution of the work provided for in said contract, to wit, of the value of Ten Thousand Dollars and yet the said John Jacoby has not made payment to the said Lanham and Brother or to any other person for them the said sum of money due them for supplying to him

the said labor and materials in the prosecution of the work provided for in said contract, nor any part of the same, but the same remains due and wholly unpaid.

"By reason of which said breaches the said writing obligatory became forfeited and thereby an action hath accrued (under the Act of Congress in this behalf) to the said United States of America for the use of said Lanham and Brother, the plaintiffs, to demand and have of and from the said Joseph L. Carpenter, Jr. and John P. Allmond who were sued with the said John Jacoby the sum of Ten Thousand Dollars above demanded.

"Yet the said Joseph L. Carpenter, Jr. and John P. Allmond as sued as aforesaid, although often requested so to do have not as yet paid the sum of One Hundred and Seventy Thousand Dollars above demanded or any part thereof to the said Lanham and Brother or to the said United States of America for their use, but have hitherto wholly neglected and refused and still neglect and refuse so to do, to the damage of the said United States of America for the use of said Lanham and Brother of Ten Thousand Dollars and therefore they bring this suit."

## DEMURRER.

Defendants demurred to the above declaration as insufficient, for the following reasons:

(1)  For that the said counts do not allege the plaintiff's cause of action with sufficient certainty.

(2)  For that the labor and materials alleged to have been furnished by the plaintiffs to the said John Jacoby, are not sufficiently specified.

(3)  For that the allegation of facts is too general.

(4)  For that the said counts are not sufficiently particular and definite.

(5)  For that the Act of Congress, under which the plaintiffs seek to recover, is not sufficiently alleged in the counts of the declaration.

(6) For that the said counts of the said declaration are in other respects uncertain, informal, and insufficient, etc.

*Heisel*, for plaintiff, cited in support of the declaration the following authorities:

*Randall vs. Canal Co., 1 Harr., 155, 172, 175, 176 ; Shum et al. vs. Farrington, 1 Bos. and Pul., 640 ; Cornwallis vs. Savary, 2 Burrows, 772 ; 1 Chitty on Pleading, 332, 335, 649.*

*A. B. Cooper for plaintiff:*

The only question is, does the narr sufficiently set forth the labor and materials furnished.

I submit that it does. To set forth all the items of the bill would make the narr objectionable for prolixity.

It would exclude us from offering evidence of all details not specified in the declaration.

It would be practically making us set forth a bill of particulars in the narr, which is never required.

A general count for work and labor done, and goods sold and delivered is good and cannot be demurred to, for want of certainty. Common counts.

It is only necessary to allege the character of the claim, under the condition of the bond, this we have done, to wit, labor and materials furnished in the construction of a certain sewer, and the amount claimed. This fully apprises the defendant of the cause of action. The balance is simply matter of evidence to be produced at the trial.

This narr is carefully drawn from Chitty.

*1 Chitty on Pleading, 331, 332, 334, 336, 648 ; 2 Chitty, 437; 3 Chitty, 1286.*

*Randall vs. Canal Co., 1 Harr. 151, 172, 175, 176,* settles the question in this State, although the assignment of breaches was more objectionable there than here.

LANHAM AND BRO. vs. JACOBY, ET AL.    493

OPINION.

Defendant fully understands the case. The narr is perfectly good, and perhaps drawn a little fuller than it was necessary for plaintiffs to allege.

How much stronger is the case at bar where the breach of the condition is simply the nonpayment of money. In Randall case it was the nonperformance of an act which might have been done in various ways. Court held these were mere matters of proof.

LORE, C. J. :—While we do not attempt to specify what particularity must be entered into in assigning breaches, we hold that this narr does not assign the breaches with sufficient particularity.

Demurrer sustained.